## INDEX OF DOCUMENTS FROM STATE COURT CASE

| Tab No. | Date Filed | Description |
|---------|-----------|-------------|
| 1. | 12/11/14 | Court's Docket Sheet |
| 2. | 12/11/14 | Plaintiff's Original Petition and Jury Demand |
| 3. | 12/11/14 | Citation to Young County, Texas and Young County Sheriff's Office |
| 4. | 01/12/15 | Defendants Young County, Texas and Young County Sheriff's Department Answer to Plaintiff's Original Petition |

# EXHIBIT NO. 1

⬤ YOUNG DISTRICT CLERK - PUBLIC RECORDS

Search　　My Documents　　ShoppingCart　　Checkout　　Log Out

## Civil Details

| | |
|---|---|
| Case Number | 32527 |
| Case Type | INJ/DAM-OTHER INJ/DAM |
| Style of Case | |
| Plaintiff | SANCHEZ,NICHOLE |
| | SIMPSON,CASY;SIMPSON,EDWARD II |
| | & REP FOR ESTATE SIMPSON,DIANA |
| Defendant | YOUNG COUNTY TX |
| | YOUNG COUNTY TX SHERIFF'S DEPT |
| File Date | 12/11/2014 |
| Disposition Date | |

## Court Actions

**Report Filed**
**Hearing Date**
**Pretrial Date**
**Trial Set**
**Trial Date**
**Judgment Rendered**
**Bondsman's Code**
**Fee Paid**
**Voir Dire**
**Jury Sworn**

| Court Action | Date/Time |
|---|---|
| No records found. | |

## Transactions

| Party Name | Date | Description | Pages | |
|---|---|---|---|---|
| SANCHEZ,NICHOLE | 12/11/2014 | PLAINTIFFS ORIG PETITION & JURY DEMAND/SO | 9 | Add To |
| SANCHEZ,NICHOLE | 12/11/2014 | INFO SHEET/SO | 1 | Add To |
| SANCHEZ,NICHOLE | 12/11/2014 | ISSUE 2 CITATIONS (YOUNG CO SHERIFFS OFFICE & YOUNG CO,PRIVATE SERVICE)/SO | 0 | |
| SANCHEZ,NICHOLE | 12/11/2014 | COST DEPOSIT/SO | 0 | |
| YOUNG COUNTY TX | 01/19/2015 | DEFENDANT'S ORIGINAL ANSWER/CR | 3 | Add To |

## Court Info

| | |
|---|---|
| Court | DIST |
| Book | CIVIL |
| Volume | |
| Page | |
| Judge | STEPHEN E BRISTOW |
| Reporter | KIMBERLY REEVES |

## Parties

| Name | Defendant/Plaintiff | Attorney |
|---|---|---|
| SANCHEZ,NICHOLE | PLAINTIFF | BURNETT,BURT L |
| YOUNG COUNTY TX | DEFENDANT | |
| YOUNG COUNTY TX SHERIFF'S DEPT | DEFENDANT | |

© 2013 NET Data Corporation | Contact Us | Young District Clerk

# EXHIBIT 2

CAUSE NO. 37527

NICHOLE SANCHEZ, Individually, CASY       §       IN THE ___90___ JUDICIAL _____, TEXAS
SIMPSON, Individually, EDWARD LAROY        §                                   BY _____ _____ DEPUTY
SIMPSON II, Individually and as The        §
Representative of the Estate of DIANA LYNN §
SIMPSON                                    §
                                           §
VS.                                        §
                                           §       DISTRICT COURT OF
                                           §
YOUNG COUNTY, TEXAS AND YOUNG              §
COUNTY, TEXAS SHERIFF'S                     §
DEPARTMENT                                  §
                                           §
                                           §       YOUNG COUNTY, TEXAS

## PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGES OF SAID COURT:

Come now Plaintiffs, NICHOLE SANCHEZ, Individually, CASY SIMPSON,

Individually, EDWARD LAROY SIMPSON II, Individually and as The Representative of the

Estate of DIANA LYNN SIMPSON, complaining of the County of Young County and the Young

County Sheriff's Department and for cause of action would respectfully show unto this Honorable

Court as follows:

### NATURE OF THE CASE

1.       This is civil action under 42 U.S.C. §§ 1983 and 1985 and the Fourth and

Fourteenth Amendments to the United States Constitution, seeking damages against defendants

for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiffs

of rights secured under the Constitution and laws of the United States.

1



## PARTIES

2.    Plaintiff, NICHOLE SANCHEZ, is an individual whose domicile and residence is in May, Brown County, Texas. Her domicile and residence was Brown County, Texas on May 19, 2013. She is the surviving daughter of DIANA LYNN SIMPSON, Deceased. Plaintiff, NICHOLE SANCHEZ, brings this lawsuit in her individual capacity as a Wrongful death Beneficiary of her mother, DIANA LYNN SIMPSON, Deceased, pursuant to the statutory authority codified in Tex. Civ. Prac. & Rem. Code § 71.004.

3.    Plaintiff, CASY SIMPSON, is an individual whose domicile and residence is in May, Brown County, Texas. His domicile and residence was Brown County, Texas on May 19, 2013. He is the surviving son of DIANA LYNN SIMPSON, Deceased. Plaintiff, CASY SIMPSON, brings this lawsuit in his individual capacity as a Wrongful death Beneficiary of his mother, DIANA LYNN SIMPSON, Deceased, pursuant to the statutory authority codified in Tex. Civ. Prac. & Rem. Code § 71.004.

4.    Plaintiff, EDWARD LAROY SIMPSON II, is an individual whose domicile and residence is in May, Brown County, Texas. His domicile and residence was Brown County, Texas on May 19, 2013.   He is the surviving spouse of DIANA LYNN SIMPSON, Deceased.   Plaintiff, EDWARD LAROY SIMPSON II brings this lawsuit in his individual capacity as a Wrongful Death Beneficiary of his wife, DIANA LYNN SIMPSON, Deceased, pursuant to the statutory authority codified in Tex. Civ. Prac. & Rem. Code § 71.004.

5.    Defendant, YOUNG COUNTY, TEXAS, is a governmental entity located in north Texas, and may be served with process through the County Sherriff, Bryan Walls 375 N. Cliff Drive, Graham, Texas, 76450 or wherever service may be accomplished.

6.     Defendant, YOUNG COUNTY TEXAS SHERIFF'S DEPARTMENT, is a governmental entity located in east Texas, and may be served with process through the County Sherriff, Bryan Walls 375 N. Cliff Drive, Graham, Texas, 76450 or wherever service may be accomplished.

## JURISDICTION

7.     Venue are proper in Young County, Texas, pursuant to Texas Civil Practices and Remedies Code §15.002 (a)(1) in that all or a substantial part of the events or omissions giving rise to the claim occurred in Young County, Texas.

8.     Neither a federal question nor complete diversity of citizenship between the parties exists in this controversy.

## FACTUAL AND LEGAL SUMMARY

9.     On or about May 19, 2013, Plaintiff, Edward Leroy Simpson contacted multiple law enforcement agencies to warn them of the suicidal mental state his wife, Diana Lynn Simpson. Mr. Simpson was finally allowed to file the BOLO report based upon his wife's employment at Stephens Memorial Hospital in Breckenridge.

Mr. Simpson then called the Texas Department of Public Safety in Wichita Falls to explain his wife's mental condition and that she had threatened to commit suicide. He then spoke to the Graham Police Department he told them of his wife's mental condition as well as the missing person and BOLO reports that were filed.   Mr. Simpson emphasized the importance of his wife's mental and emotional condition and the deputy informed Mr. Simpson that Mrs. Simpson was actually in their custody at that time and she was being booked for public intoxication.   Mr. Simpson stressed to the deputy the urgent need to take his wife to the hospital for diagnosis and treatment because she had recently threatened to take pills and overdose in order to commit

3

suicide. Despite that warning and plea for help, the deputy and The City of Graham Police Department did nothing to ensure the safety of their prisoner, Mrs. Simpson. The next morning when Mr. Simpson called the Graham Police Department to check on his wife, the person who answered the phone at the Graham Police Department said "Oh I just came in this morning and she is deceased. I need to give you to someone who knows what is going on."

Young County had notice of Mrs. Simpson's suicidal threats due to being told directly by Mr. Simpson and by the reports he had filed throughout the day with multiple law enforcement agencies. Nevertheless, Young County failed to properly observe Mrs. Simpson and provide her with reasonable medical care. Ultimately, Mrs. Simpson died by overdose from the pills she had taken in order to commit suicide.

The Defendant, Young County, is liable to the Plaintiffs for its negligent use and/or condition of tangible real and/or personal property. The Defendant, Young County is also liable to the Plaintiffs pursuant to 42 U.S.C. § 1983 for depriving Mrs. Simpson of her constitutional rights. Specifically, the Defendant, Young County had a policy which denied constitutionally-mandated medical care to Mrs. Simpson and/or was deliberately indifferent to her medical needs. Finally, Young County's failure to protect Ms. Simpson from harm resulted in Ms. Simpson's death.

## CAUSES OF ACTION

### Sec.1983 Claims

9.      Defendant's failure to protect Plaintiff from harm by other inmates is actionable under the Civil Rights Statute, 42 U.S.C.A. Sec.1983. Defendant's acts or omissions were performed under color of a statute, ordinance, regulation, custom, or usage of the Young County Sheriff's Department.

4

10.    Defendant's refusal to provide medical treatment following the arrest of DIANA LAROY SIMPSON normal bounds of decency and is a direct violation of the 8th and 14th Amendments to the U.S. Constitution.

11.    The actions and inactions of all Defendants herein performed under color of law were a proximate cause of Ms. Simpson's death. Furthermore, the refusal of Young County Jail personnel to provide medical treatment to DIANA LYNN SIMPSON was a proximate cause of additional damages to DIANA LYNN SIMPSON.

## TEXAS TORT CLAIMS ACT CLAIM

12.    The actions of the agents and employees of Young County, a governmental unit, as previously alleged herein, were the proximate cause of the death of DIANA LYNN SIMPSON. Young County is liable for DIANA LYNN SIMPSON'S death pursuant to Section 101.021 of the Texas Tort Claims Act, since her personal injury was caused by a condition or use of tangible personal or real property.   On or about August 30, 2013, Plaintiffs gave Defendant notice of a claim pursuant to the Texas Civil Practice and Remedies Code Section 101.101(a).

## DAMAGES

**B.**    **Survival Claim**

13.    As a direct and proximate result of the conduct of Defendant and the negligence as set out above, Plaintiff, EDWARD LAROY SIMPSON II, Individually and as The Representative of the Estate of DIANA LYNN SIMPSON, Deceased, seeks an award of the following damages on behalf of the ESTATE OF DIANA LYNN SIMPSON, Deceased:

a.    Conscious physical pain and emotional pain, torment, and suffering experienced by

5

DIANA LYNN SIMPSON, Deceased, before his death as a result of incident made the basis of this lawsuit;

b.     Reasonable and necessary expenses for the medical and hospital care received by DIANA LYNN SIMPSON, Deceased, for the treatment of injuries sustained by her as a result of the incident made the basis of this lawsuit;

c.     Funeral and burial expenses in a reasonable amount for the funeral and burial of DIANA LYNN SIMPSON, Deceased, for a funeral and burial reasonably suitable to her station in life.

## C.     **Wrongful Death Claim**

14.     As a direct and proximate result of the negligence of Defendant as set out above, Plaintiffs NICHOLE SANCHEZ, Individually, CASY SIMPSON, Individually, EDWARD LAROY SIMPSON II, Individually all as a Statutory Wrongful Death Beneficiaries of DIANA LYNN SIMPSON, Deceased, each seek an award of the following damages:

a.     Pecuniary loss sustained in the past including the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value, excluding loss of inheritance, that Plaintiffs, in reasonable probability, would have received from DIANA LYNN SIMPSON, Deceased, had she lived;

b.     Pecuniary loss that, in reasonable probability, will be sustained in the future for the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions

of a pecuniary value, excluding loss of inheritance, that Plaintiffs, in reasonable probability, would have received from DIANA LYNN SIMPSON, Deceased, had she lived;

c.      Loss of companionship and society sustained in the past including the loss of the positive benefits flowing from the love, comfort, companionship, and society that Plaintiffs, in reasonable probability, would have received from DIANA LYNN SIMPSON, Deceased, had she lived;

d.      Loss of companionship and society that, in reasonable probability, will be sustained in the future including the loss of the positive benefits flowing from the love, comfort, companionship, and society that Plaintiffs, in reasonable probability, would have received from DIANA LYNN SIMPSON, Deceased, had she lived;

e.      Mental anguish in the past for the emotional pain, torment, and suffering experienced by Plaintiffs because of the death of DIANA LYNN SIMPSON, Deceased;

f.      Mental anguish that, in reasonable probability, will be sustained in the future for the emotional pain, torment, and suffering experienced by Plaintiffs because of the death of DIANA LYNN SIMPSON, Deceased; and,

g.      Loss of inheritance including the loss of the present value of the assets that DIANA LYNN SIMPSON, Deceased, in reasonable probability, would have added to the estate and left at his natural death to Plaintiffs.

## JURISDICTION OF THE COURT

15.     Plaintiffs believe and allege that the damages directly and proximately caused by the negligence of the Defendant alleged herein, have injured the Plaintiffs in an amount within the jurisdictional limits of this Court. The aggregate amount of actual damages sought by Plaintiffs' herein does not exceed $10,000,000.   The damages sustained by Plaintiffs were proximately caused by the conduct of YOUNG COUNTY herein. Accordingly, Plaintiffs have been damaged in an amount within the jurisdictional limits of this Court.   Plaintiffs request that the amount of their actual damages be left to the sole discretion of the jury in light of the evidence received and considered by the jury regarding the severity of their injuries and the impact the injuries and death of DIANA LYNN SIMPSON had on NICHOLE SANCHEZ, CASY SIMPSON, EDWARD LAROY SIMPSON II, and their life.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment and post-judgment interest at the legal rate, costs of court; Plaintiffs' actual damages as set forth above; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

THE BURNETT LAW FIRM P.L.L.C.

By: _____
BURT L. BURNETT
Texas Bar No.   00787171
MAJD M. GHANAYEM

8

Texas Bar No. 24078556
P.O. Box 1521
Abilene, Texas 79604
Ph: (325) 673-4357
Fax: (325) 428-0428
ATTORNEYS FOR PLAINITFFS

**PLAINTIFFS HEREBY DEMANDS A JURY TRIAL**

9

# EXHIBIT 3

Citation-Personal Service

CITATION

## THE STATE OF TEXAS

TO:   YOUNG COUNTY, TEXAS

Defendant, in the hereinafter styled and numbered cause: **PLAINTIFF'S ORIGINAL PETITION & JURY DEMAND**

You are hereby commanded to appear before the 90th Judicial District Court of Young County, Texas, to be held at the Courthouse of said County in the city of Graham, Young County, Texas, by filing a written answer to the petition of plaintiff at or before 10:00 o'clock, A.M., of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in **Cause Number 32527** styled:

SANCHEZ, NICHOLE Indiv,                                   Plaintiff
SIMPSON, CASY Indiv,
SIMPSON, EDWARD LAROY II Indiv
& REPRESENTATIVE FOR ESTATE of SIMPSON, DIANA

VS

YOUNG COUNTY TX                                           Defendant
YOUNG COUNTY TX SHERIFF'S DEPT

filed in said court on the 11th day of December, 2014.

The name and address of the attorney for plaintiff, or the address of plaintiff is: BURT L BURNETT, P O BOX 1521, ABILENE TX 79604-1521.
Issued and given under my hand and seal of said Court at office, this the 11th day of December, 2014.

JAMYE ROGERS, DISTRICT CLERK
516 FOURTH STREET ROOM 201
GRAHAM TX 76450
By: _____
SHARON OLDFIELD, Deputy

**NOTICE**

**You have been sued**. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

## RETURN OF SERVICE

### Cause No. 32527

SANCHEZ, NICHOLE Indiv,
SIMPSON, CASY Indiv,
SIMPSON, EDWARD LAROY II Indiv
& REPRESENTATIVE FOR ESTATE of SIMPSON, DIANA

                                      IN THE 90TH JUDICIAL

VS                                   DISTRICT COURT
                                       YOUNG COUNTY, TEXAS
YOUNG COUNTY TX
YOUNG COUNTY TX SHERIFF'S DEPT

Executed when copy is delivered: **PLAINTIFFS' ORIGINAL PETITION & JURY DEMAND**

This is a true copy of the original citation, which was delivered to defendant <u>SANCHEZ,NICHOLE</u>, on the ____day
of _____, 20____.

**ADDRESS FOR SERVICE:**
YOUNG COUNTY, TEXAS
Serve through SHERIFF BRYAN WALLS
375 N CLIFF DRIVE
GRAHAM TX 76450

                              _____, Sheriff
                              _____, County, TX
                      By:_____, Deputy

### OFFICER'S RETURN

Came to hand the _17_ day of _Dec_ , 20_14_ at _10_ o'clock _A_ m. and executed at _Graham Tx_ within
the County of _Young_ , at _11:36_ o'clock _A_ m. on the _17_ day of _Dec_ , 20__ by delivering to
the within named _Sheriff Bryan Walls_ in person, a true copy of this Citation together with
the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and
endorsed on such copy of citation the date of delivery.
*Not Executed, the diligence used to execute being_____,
for the following reason _____,
the defendant may be found _____.
TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY.

                                                         Sheriff

Service Fee $____                                    County, TX
                           By_____Deputy

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign
return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable
or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:
"My name is_____, my date of birth is_____, and my address is _____"

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____County, State of _____, on the ____day of _____ 20____.

                                        _____
                                        Declarant/Authorized Process Server

                                        _____
                                        (Id# & expiration of certification)

# EXHIBIT 4

CAUSE NO. 32527

FILED FOR REC
11:45 _____ O'CLOCK Q

JAN 1 2 2015

DISTRICT CLERK, YOUNG COUNT
BY_____

| | | |
|---|---|---|
| NICHOLE SANCHEZ, Individually et al. | § | IN THE 90th JUDICIAL |

NICHOLE SANCHEZ, Individually
et al.                                     §   IN THE 90ᵗʰ JUDICIAL
                                           §
        Plaintiffs,                        §
                                           §
v.                                         §   DISTRICT COURT OF
                                           §
YOUNG COUNTY, TEXAS AND                    §
YOUNG COUNTY SHERIFF'S                     §
DEPARTMENT,                                §
                                           §
        Defendant.                         §   YOUNG COUNTY, TEXAS

## DEFENDANTS' ORIGINAL ANSWER

COME NOW, Young County, Texas and Young County Sheriff's Department ("Defendants" and/or collectively "Young County"), by and through their undersigned counsel, and file this Original Answer in the above-styled and numbered cause of action and state as follows:

### I.

### GENERAL DENIAL

Defendants generally deny each and every, all and singular, allegations and causes of action set forth in Plaintiffs' Original Petition, and any further amended or supplemental Petitions, and demand strict proof thereof as required by the Constitution and the laws of the State of Texas.

### II.

### AFFIRMATIVE DEFENSES

With regard to the facts and allegations contained in the Plaintiff's Original Petition, Young County sets forth the following Affirmative Defenses:



1.     Plaintiffs' claims against Young County are barred, in whole or in part, by governmental immunity.

2.     Plaintiffs cannot establish that Defendants were deliberately indifferent to the decedent's medical needs.

3.     Plaintiffs cannot establish that a governmental policy or custom existed, or that such policy or custom was the moving force behind any Constitutional violation.

4.     Plaintiffs' claims against Young County are barred, in whole or in part, by the acts or omissions of the decedent or others, or by the decedent's own negligence and/or the negligence of others which, in turn, bars in whole or in part any recovery from Young County. To the extent any such pleading is necessary, Young County also affirmatively pleads the operation of Chapter 33 of the Texas Civil Practice & Remedies Code, and requests that the comparative responsibility of any claimant and any settling party, as those terms are defined by Chapter 33, be submitted to the jury in this case.

## III.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court dismiss the claims alleged in Plaintiffs' Original Petition, or any further amended or supplemental Petition, enter judgment that Plaintiffs take nothing, and award Defendants such further relief, at law or in equity, to which they may show themselves justly entitled.



Respectfully submitted,

S. Cass Weiland
State Bar No. 21081300
Robert A. Hawkins
State Bar No.00796726
SQUIRE PATTON BOGGS, LLP
2000 McKinney Ave., Suite 1700
Dallas, Texas 75201
(214) 758-1500
(214) 758-1550 (fax)
cass.weiland@squirepb.com
robert.hawkins@squirepb.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing has been sent via certified mail, return receipt requested and/or facsimile to counsel for Plaintiff on this 9th day of January 2015, at the following address:

Burt L. Burnett
The Burnett Law Firm
P.O. Box 1521
Abilene, TX 79604
(325) 428-0428 (fax)

S. Cass Weiland